

# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

**NIKKI R. HALEY**
Governor

**DAVID BLACK**
Director of Insurance

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105
Telephone: (803) 737-6160

December 28, 2011

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ACE FIRE UNDERWRITERS INSURANCE COMPANY
436 Walnut Street, WA04K
Philadelphia, PA 19106

Dear Sir:

On December 22, 2011, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process.** When replying, please refer to File Number 147085, ETW Development Company, LLC v. ACE FIRE UNDERWRITERS INSURANCE COMPANY, 2011-CP-26-05657.

By:

*/s/ David E. Belton*

David E. Belton
Senior Associate General Counsel
(803)737-6132

Sincerely Yours,

David Black
Director
State of South Carolina
Department of Insurance

Attachment

CC: Everett J. Mercer
Post Office Box 1347
Sumter, SC    29150-5244

EXHIBIT A

# STATE OF SOUTH CAROLINA

**COUNTY OF HORRY**

ETW Development Company, LLC,
                           **Plaintiff(s)**

vs.

ACE Fire Underwriters Insurance Company,
                           **Defendant(s)**

## IN THE COURT OF COMMON PLEAS

## CIVIL ACTION COVERSHEET

2011-CP-26-05657

RECEIVED DEC 22 2011

(Please Print)
Submitted By: Everett J. Mercer
Address: 324-B North Main
P.O. Box 1347
Sumter, SC 29151

| | |
|---|---|
| SC Bar #: | 64249 |
| Telephone #: | 803-883-5163 |
| Fax #: | 803-883-5166 |
| Other: | |
| E-mail: | jomfirm@yahoo.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

### DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☒ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

### NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Breach of Contract (140) | 20___-CP-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Public Service Commission (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

**Submitting Party Signature:** _/s/ Everett Mercer_     **Date:** 5 July 2011

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF HORRY | ) | |
| ETW DEVELOPMENT COMPANY, LLC | ) ) ) | CASE NO: 2011-CP-26- 05657 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **SUMMONS** |
| ACE FIRE UNDERWRITERS INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscribed, Everett J. Mercer, 324-B North Main Street, Sumter South Carolina, 29150, within THIRTY (30) DAYS after the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

*(signature)*

Everett J. Mercer
Attorney for the Plaintiff
MERCER LAW FIRM
324-B North Main Street
Post Office Box 1347
Sumter, South Carolina 29151
803-883-5163

Sumter, South Carolina
July 5, 2011

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF HORRY | ) | |
| | ) | CASE NO: 2011-CP-26-05657 |
| ETW DEVELOPMENT COMPANY, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **(JURY TRIAL DEMANDED)** |
| ACE FIRE UNDERWRITERS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff complaining of the Defendant would allege unto this Honorable Court the following:

1. The Plaintiff is a company organized and existing under the laws of the State of South Carolina with a principle place of business in the County of Horry, State of South Carolina.

2. The Defendant is a company organized and existing under the laws of a state other than South Carolina. The Defendant is authorized by the State of South Carolina to conduct its business of insurance in the state.

3. Plaintiff entered into a contract with Bovis Lend Lease Holding, Inc. (Hereinafter "Bovis") for Bovis to construct a fourteen story fire resistive condominium complex in the County of Horry, in the State of South Carolina. The condominium project was named Tilghman Beach and Golf Resort (Hereinafter "Tilghman").

4. A term of the contract between the Plaintiff and Bovis was for Bovis to obtain insurance for the project with the Plaintiff as a named insured.

1

5. Bovis obtained the necessary coverage required by the contract through the Defendant. Defendant insured the project with an initial term of the policy (hereinafter "Policy") being 9 November 2005 through 13 July 2007.

6. Plaintiff was a named insured under the terms of the Policy issued by the Defendant.

7. Prior to the expiration of the original term of the Policy, Bovis and Defendant extended the expiration date of the Policy to 31 August 2007.

8. A specific and conspicuous provision of the "ACE Policy Expiration Change Endorsement" referenced in paragraph 7 of this pleading was "**All other terms and conditions of this policy remain unchanged**".

9. The "COMPLETED VALUE BUILDERS RISK FORM DELAY IN OPENING ENDORSEMENT" (Hereinafter "Opening Endorsement") set the scheduled date of completion as 13 July 2007.

10. The Opening Endorsement provided for a thirty (30) day waiting period for payment of any benefits claimed under the Opening Endorsement.

11. The waiting period was to begin either on the expected date of completion as set forth in the Opening Endorsement or the date the insured project could have been completed had there been no loss, whichever date was later.

12. On 7 August 2007 the Horry County Building Department inspected the project for the purpose of issuing a Certificate of Occupancy for the Tilghman project. The Building Department required minor conditions to be met prior to issuing the Certificate of Occupancy.

13. The Horry County Building Department was to return to the Tilghman Project

2

8 August 2007 to issue the Certificate of Occupancy after Bovis made the changes requested by the Building Department 7 August 2007.

14. The "date the INSURED PROJECT could have been have been completed had there been completed had there been no loss" was 8 August 2007, the date the Horry County Building Department was to issue the Certificate of Occupancy.

15. During the night of 7 August 2007 or the early morning hours of 8 August 2007 the fire sprinkler system for the Tilghman project failed and/or malfunctioned causing extensive damage to the project.

16. The fire sprinkler system failure and/or malfunction resulted in a loss to the Plaintiff covered by the Opening Endorsement.

17. The waiting period for the Opening Endorsement began to run 8 August 2007 since the Plaintiff expected the Certificate of Occupancy to be issued on that date.

18. The waiting period for the Opening Endorsement expired 7 September 2007.

19. As a result of the loss set forth herein, the Plaintiff suffered damages covered by the terms and conditions of the Policy, in particular:

    (a)    Interest on the construction loan;

    (b)    Expenses for expediting repairs;

    (c)    Legal and accounting fees;

    (d)    Architects and/or engineering fees;

    (e)    Off-site storage.

20. The Plaintiff submitted a timely claim with documentation to the Defendant for the damages caused by the loss set forth herein.

21. Defendant has failed to pay the full claim submitted by the Plaintiff.

22. The Defendant submitted a final payment for the loss to the Plaintiff on or about 20 July 2010.

23. The Defendant's submission of final payment to the Plaintiffs in July 2010 is a breach of contract by the Defendants without cause.

24. Plaintiff is entitled to judgement against the Defendants for actual damages caused by their failure to fully and fairly pay the claim filed for the loss of 8 August 2007 along with costs and attorney's fees for bringing this action.

WHEREFORE Plaintiff seeks judgement to be against the Defendant for actual damages in an amount to be determined by this Court, costs and attorney's fees bringing this action and for such other relief that this Court feels is just and proper.

Everett J. Mercer, SC Bar No.:64249
Attorney for the Plaintiff
324-B North Main Street
P.O. Box 1347
Sumter, SC 29151
803-883-5163, 803-883-5166 Fax

July 5, 2011

U.S. POSTAGE PITNEY BOWES

ZIP 29201 $ 006.23⁰
02 1H
0001369055 DEC 23 2011



CERTIFIED MAIL

7011 1570 0002 7206 8001

P.O. BOX 100105
COLUMBIA, S.C. 29202-3105

**CERTIFIED MAIL**

**RETURN RECEIPT REQUESTED**

SERVICE OF PROCESS

Ace Fire Underwriters Ins Co.
436 Walnut Street, WA04YK
Philadelphia, PA 19106